IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF DIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-08369 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| KWAME RAOUL, Attorney General of ) | |
| the State of Illinois, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeff Dixon has sued Defendant Kwame Raoul, in his official capacity as Attorney General of the State of Illinois ("Attorney General"), asking for injunctive and declaratory relief to prevent enforcement against him of an Illinois statute criminalizing the possession of child pornography. The Attorney General has moved to dismiss Dixon's Complaint for lack of standing and failure to state a claim. (Dkt. No. 10.) For the reasons stated below, the Court grants the motion and dismisses the Complaint without prejudice.

## BACKGROUND

In 2013, Dixon pleaded guilty in Illinois state court to one count of aggravated possession of child pornography and was sentenced to two years of probation. (Compl. ¶¶ 5, 22, 23, Dkt. No. 1; Mot. to Dismiss, Ex. 1, Dkt. No. 10-1.) His probation has now ended, and he has not been charged with any new crimes. (Compl. ¶ 23.) Dixon seeks to purchase or view certain multimedia materials, such as *Meet Me in St. Louis*, *Lord of the Flies*, and *Angela*. (*Id.* ¶ 24.) But he is worried that prosecutors in DuPage County, Illinois, where he resides, would consider "certain passages" in those materials to constitute child pornography under Illinois law. (*Id.*) He fears being charged with possessing child pornography if he views those materials. (*Id.*) Based on that

fear of future prosecution, Dixon has sued the Attorney General under 42 U.S.C. § 1983, seeking to enjoin the enforcement of certain Illinois child pornography criminal laws against him.[1] The Attorney General has now moved to dismiss.

## DISCUSSION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Since Dixon is proceeding *pro se*, the Court construes his pleading liberally. *See Parker v. Four Seasons Hotel, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) ("A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings.").

Dixon's Complaint centers on an Illinois law that criminalizes the possession of child pornography. *See* 720 ILCS 5/11-20.1. The law forbids a person from knowingly possessing "any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child . . . whom the person knows or reasonably should know to be under the age of 18 . . . engaged in" various enumerated activities. *Id.* 5/11-20.1(a)(6). Dixon takes issue with one of the enumerated activities—specifically, materials in which a child is "depicted or portrayed in any

---

[1] The Complaint originally named Leo P. Schmitz, Director of the Illinois State Police, as an additional defendant. (*See* Compl. ¶ 13.) However, Dixon has voluntarily dismissed Schmitz from this lawsuit. (*See* Dkt. No. 13.)

pose, posture or setting involving a lewd exhibition of the unclothed or transparently clothed genitals, pubic area, buttocks, or, if such person is female, a fully or partially developed breast." *Id.* 5/11-20.1(a)(1)(vii).

Dixon's Complaint, liberally construed, appears to assert three claims against the Attorney General under 42 U.S.C. § 1983. The first, which Dixon labels as a procedural due process claim, asserts that 720 ILCS 5/11-20.1(a)(1)(vii) is unconstitutionally vague. (Compl. ¶¶ 70–72.) The second, which Dixon labels as a substantive due process claim, contends that the statute violates his fundamental right to view the material of his choice. (*Id.* ¶¶ 73–76.) And the third, which Dixon labels as a First Amendment claim, maintains that statute is impermissibly overbroad. (*Id.* ¶¶ 77–80.) For all three claims, Dixon contends that the Illinois law is unconstitutional on its face and as applied to him. (*Id.* ¶¶ 70–80.) And for each claim, Dixon requests injunctive relief, a declaratory judgment, and attorney's fees and costs. (*Id.*) In seeking dismissal of the Complaint, the Attorney General argues that Dixon lacks standing to seek injunctive relief and that he has failed to state a claim on any of his claims.[2]

But before the Court reaches Dixon's standing to sue or whether he has stated a claim, there is an initial matter that the Court must address. In addition to 720 ILCS 5/11-20.1(a)(1)(vii), Dixon appears to object to 720 ILCS 5/11-20.1(b)(1)(iv). (*See* Compl. ¶¶ 2, 14.) He purports to quote and paraphrase that subsection at length (*id.* ¶ 2) and claims that it allows the state "to infer predatory sexual relationship between the possessor of any computer depiction of a minor . . . and the actual person portrayed in the depiction" (*id.* ¶ 14). But Dixon's quotations and paraphrases do not match any section of 720 ILCS 5/11-20.1. In the Attorney General's view, Dixon intends to

---

[2] The Attorney General also contends that Dixon has waived opposition to the defense's arguments by failing to address them in his response brief. (Def.'s Reply in Supp. of Mot. Dismiss at 2, Dkt. No. 15.) But the Court construes Dixon's filings liberally and will address both the standing issue and the merits.

3

refer to 720 ILCS 5/11-20.1(a)(1)(iv). (*See* Mem. in Supp. of Mot. Dismiss at 2 n.2, Dkt. No. 11.) But that seems implausible because the subsection, which describes another activity that children cannot be depicted doing—being "the object of, or otherwise engaged in, any act of lewd fondling, touching, or caressing"—seems unrelated to the rest of Dixon's Complaint. *See* 720 ILCS 5/11-20.1(a)(1)(iv). Dixon may be referring to the definition of the term "harmful to minors" in a nearby section, which seems to track the quotations and paraphrases from his Complaint. *See id.* 5/11-21(a). But that term is irrelevant for the child pornography offense about which Dixon is concerned and, in fact, irrelevant to all the child pornography offenses set forth in 720 ILCS 5/11-20.1. Dixon has neither pleaded facts nor presented legal arguments that the definition of the term "harmful to minors" is relevant to any of his claims. Therefore, the Court disregards all references to (the nonexistent) 720 ILCS 5/11-20.1(b)(1)(iv) in the Complaint.

## I. Standing

Before reaching the merits of the Complaint, the Court must address whether Dixon has standing to seek injunctive relief. The standing requirement is grounded in the Constitution's restriction of federal judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 473 (7th Cir. 2012). To bring a claim in federal court, the plaintiff must have standing for each form of relief sought. *Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010). To demonstrate standing, the plaintiff must establish that "(1) [he is] under threat of an actual and imminent injury in fact; (2) there is a causal relation between that injury and the conduct to be enjoined; and (3) it is likely, rather than speculative or hypothetical, that a favorable judicial decision will prevent or redress that injury." *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

The Attorney General argues that Dixon cannot establish an imminent injury solely on the basis that he has been prosecuted for possessing child pornography before. But Dixon's alleged injury is not based on prior prosecutions; it is based on his fear of future prosecutions if he possesses material that Illinois law defines as child pornography. As long as the plaintiff faces a credible threat of prosecution, "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Therefore, to establish an injury in fact, a plaintiff must demonstrate an intent to engage in proscribed conduct and a credible threat of prosecution. *Id.* at 159–60; *see also Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 802 (7th Cir. 2016).

Dixon has established an injury in fact under that standard. He has pleaded that he "seeks to purchase and/or view multimedia materials" that he fears may be "prohibited." (Compl. ¶ 24.) It is uncertain whether the examples he gives of possibly proscribed materials, such as the film version of *Lord of the Flies*, actually violate Illinois's criminal prohibition on possessing child pornography. But it is at least plausible that some mainstream films could fall within the scope of that criminal law. Construing his Complaint liberally, Dixon has adequately pleaded an intent to view proscribed materials. Although the Complaint does not address the likelihood of prosecution for possessing the materials Dixon wishes to view, State's Attorneys Offices in Illinois do prosecute a large number of child pornography offenses every year and Dixon is concerned that he may be a target for prosecution because of his prior child pornography conviction. That is enough to show a credible threat of prosecution. *See Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 592–593 (7th Cir. 2012) (observing that "[p]reenforcement suits always involve a degree of uncertainty about future events," in holding that the plaintiffs had standing even though the details of any future prosecution were unknown); *cf. Susan B. Anthony List*, 573 U.S. at 164–

5

66 (taking into account the history and frequency of enforcement of a law against false statements in political campaigns in holding that the plaintiff had demonstrated a credible threat of future enforcement against the plaintiff). Dixon has thus demonstrated an injury in fact.

Where Dixon falters, however, is the causation and redressability elements of standing. "There must be a causal connection between the plaintiff's injury and the conduct of which he complaints. That is, the plaintiff's injury must be fairly traceable to a defendant's actions." *Doe v. Holcomb*, 883 F.3d 971, 978 (7th Cir. 2018) (citations and internal quotation marks omitted). Then, "once a plaintiff establishes an adequate causal connection, he must show that it is likely a favorable decision against the named defendant would redress the plaintiff's injury." *Id.*

In his Complaint, Dixon names only the Attorney General as a defendant. He has therefore asks for injunctive relief forbidding the Attorney General—and only the Attorney General—from prosecuting him for possessing certain materials. Dixon appears to justify his standing on the ground that the Attorney General is "responsible for executing and administering" Illinois law and "advising state's attorneys," and that the Attorney General has been involved in enforcing child pornography laws and defending them in court. (Compl. ¶¶ 6–7.) But given the division of power between the Attorney General and the State's Attorneys under Illinois law, the Attorney General's conduct is not the cause of the threat of prosecution Dixon faces and injunctive relief against the Attorney General would not redress Dixon's grievance.[3]

---

[3] While the Attorney General did not raise this argument about causation and redressability, the Court has an independent obligation to confirm its jurisdiction, including the plaintiff's standing to bring the lawsuit. Fed. R. Civ. P. 12(h)(3); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 718 (7th Cir. 2012); *see also Ctr. for Individual Freedom*, 697 F.3d at 473 ("[S]tanding is a jurisdictional requirement that is not subject to waiver.") (citing *United States v. Hayes*, 515 U.S. 737, 742 (1995); *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)).

Under the Illinois constitution, the Attorney General is "the legal officer of the State." Ill. Const. art. 5, § 15. The Attorney General has the power to prosecute crimes on behalf of Illinois, unless a provision of law forbids it. *People v. Robins*, 338 N.E.2d 222, 225–26 (Ill. App. Ct. 1975). But it is the duty of each Illinois county's elected State's Attorney to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county." 55 ILCS 5/3-9005(a)(1). The Attorney General's prosecutorial powers are concurrent with the State's Attorneys. *People v. Buffalo Confectionary Co.*, 401 N.E.2d 546, 549 (Ill. 1980); *Robins*, 338 N.E.2d at 225–26. And in areas of concurrent prosecutorial authority, the Attorney General may only exercise prosecutorial power if the relevant State's Attorney does not object. *People v. Massarella*, 382 N.E.2d 262, 266 (Ill. 1978); *People v. Roberts*, 389 N.E.2d 596, 599 (Ill. App. Ct. 1979). While the Attorney General has the right to "consult with and advise the several State's Attorneys," the Attorney General's statutory powers do not include forbidding State's Attorneys from prosecuting a particular case or class of cases.[4] *See* 15 ILCS 205/4.

A plaintiff cannot establish causation and redressability against a government actor if that actor lacks the ability to control the injury that the plaintiff is suffering or could suffer. *See Halcomb*, 883 F.3d at 978–79 (holding that a plaintiff lacked standing to sue a state court's clerk of court who had the power to process name-change petitions but not to grant or deny those petitions). Dixon resides in DuPage County, Illinois. (*See* Compl. ¶ 5.) Therefore, under Illinois law, the State's Attorney for DuPage County would have the primary power to prosecute Dixon

---

[4] The Attorney General also has the power to issue written opinions on Illinois law if requested by the Governor, the legislature, or certain other state officers. 15 ILCS 205/4. But even if the Attorney General has the power to issue an opinion on the reach of the child pornography statutes, such opinions are advisory only and would not prevent the State's Attorney for DuPage County from prosecuting Dixon. *See City of Springfield v. Allphin*, 384 N.E.2d 310, 316 (Ill. 1978); *People v. Savaiano*, 359 N.E.2d 475, 480 (Ill. 1976); *Hagopian v. Bd. of Ed. of Tampico Cmty. Unit Sch. Dist. No. 4*, 372 N.E.2d 990, 996 (Ill. App. Ct. 1978).

for a child pornography offense. More importantly, the State's Attorney could rebuff any attempt by the Attorney General to forbid that prosecution. An injunction against the Attorney General would, therefore, do little or nothing to prevent the prosecution of Dixon in DuPage County for possessing child pornography. For that reason, the Court concludes that the injury of which Dixon complains of is not "fairly . . . trace[able] to the challenged action of" the Attorney General. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). It is, instead, the "result [of] the independent action of some third party," the State's Attorney for DuPage County, "not before the court." *Id.* (internal quotation marks omitted). Furthermore, it is only "speculative," not likely, "that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted). In this case, the Attorney General has more power (or at least influence) over prosecutions than the clerk of court had over name-change petitions in *Doe v. Holcomb*. But ultimately, the Attorney General cannot stop the State's Attorney for DuPage County from prosecuting Dixon, so Dixon cannot show the causation and redressability requirements for standing.

Because Dixon cannot establish causation and redressability, he lacks standing to bring his claims. The Court therefore grants the Attorney General's motion to dismiss. The dismissal will be without prejudice. As Dixon may very well be able to solve his standing problem by naming the proper defendant, the Court proceeds to address why it would have been appropriate to dismiss Dixon's Complaint for failure to state a claim, even if he had standing to proceed.[5] If

---

[5] In addition to contending that Dixon fails to state a claim, the Attorney General presents several other reasons to dismiss the Complaint, including that: (1) sovereign immunity bars Dixon from collecting any damages from the State of Illinois, (2) Dixon fails to allege that the Attorney General was personally involved in depriving him of a constitutional right, (3) a *Monell* claim cannot lie against the state, and (4) Dixon improperly attempts to recover for alleged defects with his underlying state conviction. Because Dixon lacks standing to proceed—and would fail to state a claim if he could proceed—the Court declines to address the Attorney General's additional reasons for dismissal.

Dixon elects to amend his Complaint in an attempt to pursue this action further, he would be well-advised to keep the following matters in mind and plead accordingly.

## II.     Claim One: Vagueness

Dixon's first claim appears to be that 720 ILCS 5/11-20.1(a)(vii) is unconstitutionally vague. A statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (internal quotation marks omitted); *see Brown v. Chi. Bd. of Educ.*, 824 F.3d 713, 716 (7th Cir. 2016). A law will not be found vague just "because it may at times be difficult to prove an incriminating fact," but rather it must be "unclear as to what fact must be proved." *Fox Television*, 567 U.S. at 253. If a statute provides fair notice but still produces some close cases, that problem is dealt with "by the requirement of proof beyond a reasonable doubt." *United States v. Williams*, 553 U.S. 285, 306 (2008).

Dixon's Complaint appears to focus on the term "lewd" in the child pornography statute. Therefore, the question is whether the statute provides fair notice when it defines child pornography to include images of a child "depicted or portrayed in any pose, posture or setting involving a ***lewd exhibition*** of the unclothed or transparently clothed genitals, pubic area, buttocks, or, if such person is female, a fully or partially developed breast." 720 ILCS 5/11-20.1(a)(1)(vii) (emphasis added). To answer that question, the Court considers "any limiting construction that a state court or enforcement agency has proffered." *Ward v. Rock Against Racism*, 491 U.S. 781, 795–96 (1989) (internal quotation marks omitted). The Illinois Supreme Court has, in fact, provided a limiting construction, defining the term "lewd" as "[o]bscene, lustful, indecent, lascivious, lecherous" and "obviously intended to excite sexual desire . . . not

simply incidental pictures of partial nudity." *People v. Lamborn*, 708 N.E.2d 350, 354 (Ill. 1999) (internal quotation marks omitted). The Illinois Supreme Court has further provided a six-factor test for determining if an image is lewd.[6]

Between the statutory text and the limiting construction from *Lamborn*, Illinois has provided fair notice to Dixon of what constitutes child pornography. Using the law and its construction, a person of ordinary intelligence would be able to tell which nude images the law criminalizes and which it does not. And there is no indication that the law encourages discriminatory enforcement. The Illinois Supreme Court reviewed the law and concluded that it provides "sufficient notice as to what conduct is proscribed." *People v. Geever*, 522 N.E.2d 1200, 1208 (Ill. 1988). This Court agrees with the Illinois Supreme Court and concludes that Dixon would not be able to state a claim that the law is void for vagueness if he had standing to proceed.

### III. Claim Two: Substantive Due Process

Dixon's second claim appears to be that the child pornography law violates his substantive due process rights. The U.S. Supreme Court and the Seventh Circuit have both "emphasized how limited the scope of the substantive due process doctrine is." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) (internal quotation marks omitted). Under that doctrine, "the Due Process

---

[6] The factors are:

> (1) whether the focal point of the visual depiction is on the child's genitals; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Lamborn*, 708 N.E.2d at 354. The state does not need to prove all six factors to establish that an image is lewd. *Id.* at 355. Instead, "the determination of whether the visual depiction is lewd will involve an analysis of the overall content of the depiction, taking into account the age of the minor." *Id.*; *see People v. Sven*, 848 N.E.2d 228, 232–33 (Ill. App. Ct. 2006) (applying the *Lamborn* factors).

Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S 702, 720–21 (1997) (citations and internal quotation marks omitted). If a law does not infringe on a fundamental right, then the law only needs to be "rationally related to legitimate government business." *Id.* at 728.

The right to possess lewd images of children in the home is not a fundamental right. Dixon attempts an analogy to *Stanley v. Georgia*, 394 U.S. 557, 559 (1969), in which the Supreme Court held that a state cannot criminalize the private possession of materials just because they are obscene. But that analogy is flawed because the Illinois statute only forbids possessing lewd images of children, not adults, and the U.S. Supreme Court has held that "[s]tates are entitled to greater leeway in the regulation of pornographic depictions of children." *New York v. Ferber*, 458 U.S. 747, 756 (1982). Possessing such depictions of children is not deeply rooted in the nation's history and tradition, and it is not analogous to any fundamental rights the Supreme Court has recognized. Moreover, the Illinois statute easily passes the rational basis test because there is a clear and obvious relationship between banning child pornography and protecting the welfare of children, which the Supreme Court has described as a compelling state interest. *Id.* at 756–57; *see also People v. Ewen*, 551 N.E.2d 426, 431 (Ill. 1990) (rejecting a rational basis challenge to the statute at issue in this case). Therefore, Dixon's substantive due process claim would fail on the merits if he had standing to sue.

**IV.     Claim Three: Free Speech**

Dixon's third claim appears to be that the child pornography law violates his First Amendment right to the freedom of speech. While content-based restrictions on speech are

11

normally reviewed under strict scrutiny, that would be inappropriate in this case because the U.S. Supreme Court has classified child pornography as beyond the protection of the First Amendment. *See Ferber*, 458 U.S. at 763. Because a content-based facial challenge to the law is thus foreclosed, the Court construes the Complaint to attack the Illinois law as overbroad and thereby chilling free speech.

A statute that regulates expressive conduct is unconstitutional if its "overbreadth is not only real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Osborne v. Ohio*, 495 U.S. 103, 112 (1990) (internal quotation marks omitted). The U.S. Supreme Court has twice rejected overbreadth challenges to child pornography statutes from other states very similar to the Illinois statute at issue here. *See id.* at 113–14; *Ferber*, 458 U.S. at 771–73; *see also United States v. Williams*, 553 U.S. 285, 292–96 (2008). In one of those cases, the Supreme Court stated that "[w]e consider this the paradigmatic case of a state statute whose legitimate reach dwarfs its arguably impermissible applications." *Ferber*, 458 U.S. at 773. The same could be said of the Illinois law at issue in this case. It is unlikely that there are many (if any) lewd images of children, as defined in Illinois law, that are beyond the state's power to ban. The Illinois Supreme Court came to that conclusion when reviewing the statute for overbreadth. *Ewen*, 551 N.E.2d at 430. Accordingly, this Court concludes that Dixon cannot succeed on an overbreadth claim.[7]

---

[7] In addition to raising a facial challenge, Dixon appears to challenge the child pornography law as applied to him. Liberally construed, he appears to contend that the materials he wishes to view (such as the film version of *Lord of the Flies*) contain lewd images of children, as defined in the state law, but cannot be proscribed under the U.S. Supreme Court's standard in *Stanley v. Georgia*. Dixon fails to state an as-applied challenge, however, because he has not plausibly pleaded that the materials he wishes to view actually do violate the Illinois child pornography law. Without plausible pleadings suggesting that his intended conduct would violate the statute, he cannot state an as-applied claim against the statute.

## CONCLUSION

For the foregoing reasons, the Court grants the Attorney General's motion to dismiss for failure to state a claim (Dkt. No. 10). The Court dismisses Dixon's Complaint without prejudice based on his lack of standing.

ENTERED:

Dated: May 31, 2020

Andrea R. Wood
United States District Judge